UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 18cv2076

PEATINNA BIGGS

Plaintiff,

v.

THE COUNTY OF SEDGWICK, and
FORMER SHERIFF THOMAS HANNA
in his individual and official capacity

Defendants.

_____

**CIVIL RIGHTS COMPLAINT WITH REQUEST FOR TRIAL BY JURY**
_____

Plaintiff, by and through her attorneys, Fisher & Byrialsen, P.L.L.C., hereby submits his Complaint and Jury Demand and states and avers as follows:

**INTRODUCTION**

1. While in the custody of the Sedgwick County Sheriff's Department, Ms. Peatinna Biggs was abducted by former Sheriff Thomas Hanna, told to change into her street clothes, put in his personal pick-up truck, brought to his house against her will, sexually molested by him,

threatened by him, and paid off by him. Former Sheriff Hanna knew Ms. Biggs was mentally disabled, and targeted her for that very reason.

2. This is an action brought by Ms. Biggs pursuant to 42 U.S.C. §§ 1983 and 1988 and the Fourth, Eighth and Fourteenth Amendments to the United States Constitution, and the Colorado State Constitution for relief through compensatory damages and attorney's fees to vindicate profound deprivations of her constitutional rights caused by false imprisonment, excessive and unlawful sexual assault, cruel and unusual punishment, intentional infliction of emotional distress, and violation of her due process rights, and the conspiracy to deprive her of her constitutionally protected rights.

## JURISDICTION

3. This action arises under the Constitution and laws of the United States, including Article III, Section 1 of the United States Constitution and is brought pursuant to 42 U.S.C. §§1983 and 1988. The Jurisdiction of this Court is invoked pursuant to 28 U.S.C.§§ 1331 and 1343.

## VENUE

4. This case is instituted in the United States District Court for the District of Colorado pursuant to 28 U.S.C.§1391 as the judicial district in which all relevant events and omissions occurred and in which Defendants maintain offices and/or reside.

**PARTIES**

5. At all times relevant hereto, Ms. Biggs was a resident of the State of Colorado and a citizen of the United States of America.

6. At all times relevant hereto, Defendant former Sheriff Thomas Hanna was a resident of the State of Colorado and citizen of the United States of America. At all times relevant hereto, former Sheriff Thomas Hanna was acting under the color of law when he misused his authority as complained of herein and is sued in his individual capacity.

7. At all times relevant hereto, the County of Sedgwick is a Colorado municipal corporation and is the legal entity responsible for itself and for its agents and employees. Former Sheriff Thomas Hanna at all times relevant thereto, was employed by the County of Sedgwick. The County of Sedgwick is a proper local governmental entity to be sued under 42 U.S.C. § 1983.

**STATEMENT OF FACTS**

8. On or around August 10, 2016, Ms. Peatinna Biggs was incarcerated in the Sedgwick County Jail located at 315 Cedar St., Julesburg, CO 80737.

9. Ms. Biggs is mentally disabled.

10. The Sedgwick County Jail was run by former Sheriff Thomas Hanna, the highest ranking law enforcement officer in Sedgwick County.

11. On or around August 10, 2016, former Sheriff Hanna came to work at the Sheriff's Department, also located at 315 Cedar St., Julesburg, CO 80737, with his personal pick-up truck.

He left his department issued police vehicle at home.

12. That day, former Sheriff Hanna told Sedgwick Deputy Sheriff Larry Neugebauer that he was going to personally transfer Ms. Biggs to Logan County Jail.

13. Deputy Neugebauer asked former Sheriff Hanna if he was going to transport Ms. Biggs in his personal pick-up truck and former Sheriff Hanna said, "yes."

14. It was a violation of Sedgwick County Sheriff's Office Department policy to transport inmates, especially inmates of the opposite sex, in officer's personal vehicles.

15. Former Sheriff Hanna went to the cell where Ms. Biggs was held and told her to put on her street clothes which he handed her to change into.

16. It was highly unusual to have an inmate change from department issued jumpsuits into street clothes before being transferred.

17. At approximately 12:15 p.m., Deputy Neugebauer was driving toward the Sedgwick County Combined Court, also located at 315 Cedar St., Julesburg, CO 80737, and saw former Sheriff Hanna place Ms. Biggs, in handcuffs, into his personal pick-up truck.

18. Former Sheriff Hanna placed Ms. Biggs in the front passenger seat of his personal vehicle and removed her handcuffs. He locked the door so she would not be free to leave.

19. Ms. Biggs was confused and terrified about what was happening, and what would happen to her.

20. Former Sheriff Hanna then transported Ms. Biggs to his home in his pick-up truck.

21. It was a violation of Sedgwick County Sheriff's Office Department policy to bring an inmate, especially an inmate of the opposite sex, into an officer's home.

22. Former Sheriff Hanna ordered Ms. Biggs inside his home.

4

23. Ms. Biggs remained confused and terrified about what was happening, and what would happen to her.

24. Ms. Biggs remained unhandcuffed as she was ordered to go from former Sheriff Hanna's pick-up truck into his house.

25. Ms. Biggs also remained unhandcuffed inside of former Sheriff Hanna's home.

26. Ms. Biggs did not feel free to leave former Sheriff Hanna's home for fear of being physically harmed by former Sheriff Hanna or being arrested on new charges.

27. Inside his home, former Sheriff Hanna offered Ms. Biggs $60.00 to have sex with him, which Ms. Biggs refused. At this time, former Sheriff Thomas Hanna had a gun visible in his holster.

28. After Ms. Biggs refused former Sheriff Hanna's offer of $60 for sex, he ordered Ms. Biggs to take off all of her clothes. Former Sheriff Thomas Hanna's gun was still visible.

29. In fear of her life, Ms. Biggs complied with former Sheriff Hanna's orders to undress.

30. Ms. Biggs, embarrassed and afraid, stood naked in former Sheriff Hanna's home.

31. Former Sheriff Hanna then took off his department issued uniform pants and his underwear.

32. Former Sheriff Hanna then sexually molested Ms. Biggs by digitally penetrating her vagina without her consent. This touching was forceful, unwanted, and unlawful.

33. Former Sheriff Hanna's gun remained visible on the coffee table as he sexually molested Ms. Biggs.

34. After sexually molesting Ms. Biggs, former Sheriff Hanna threatened Ms. Biggs that if she told anyone about what he had done she would spend the rest of her life in prison.

35.     As the highest ranking law enforcement officer in Sedgwick County, Ms. Biggs genuinely believed former Sheriff Hanna was capable of following through on his threat to incarcerate her for the rest of her life.

36.     After see former Sheriff Hanna place Ms. Biggs in his pick-up truck, Deputy Neugebauer drove to his own house for his lunch break.

37.     Deputy Neugebauer drove past former Sheriff Hanna's house. He saw former Sheriff Hanna's pick-up truck parked in his driveway next to his department issued vehicle.

38.      Deputy Neugebauer did not see anyone in the pickup truck.

39.     Deputy Neugebauer again drove past former Sheriff Hanna's residence on his way back to the station from lunch.

40.     Former Sheriff Hanna's pickup truck and department issued vehicle were still parked in the front of former Sheriff Hanna's house. Deputy Neugebauer again did not see anyone in the pick-up truck.

41.     After sexually molesting Ms. Biggs, former Sheriff Hanna handcuffed her and put her back into his pick-up truck.

42.     At approximately 12:51 p.m. that day, former Sheriff Hanna logged on with Dispatch and indicated that he was only now taking Ms. Biggs to Logan County.

43      After transporting Ms. Biggs to Login County, Sheriff Hanna put $20.00 into Ms. Biggs

commissary account without Ms. Biggs' request.

44. At all time relevant, former Sheriff Hanna was employed by Sedgwick County and acting in the scope of his employment.

45. Sedgwick County Sheriff's Office, an agency of Sedgwick County, had a policy committed to zero-tolerance of any form of sexual abuse and sexual harassment in facilities it operated directly or with which it holds contracts. Sexual abuse of an inmate and sexual harassment of an inmate was prohibited.

46. Ms. Biggs did not report being a victim of sexual assault because former Sheriff Hanna threatened that she would spend the rest of her life in prison if she said anything.

48. Twelve days later, on August 22, 2016, Deputy Neugebauer reported the incident to the Logan County District Attorney's Office.

49. On August 24, 2016, former Sheriff Hanna was arrested and charged with Sexual Assault on an At Risk Adult, 18-6.5-103(7)(a), Sexual Conduct in a Correctional Institute, 18-7-701, First Degree Official Misconduct, 18-8-404(a)(a), and Soliciting Prostitution, 18-7-202(1)(a) by the 13th Judicial District Attorney's Office filed in Logan County under docket number 2016CR207:



7

50. Bail and a protective order for Ms. Biggs were issued against former Sheriff Hanna.

51. Former Sheriff Hanna was kicked out of office.

52. A jury found him guilty of willfully violating the department's policies.

53. Former Sheriff Hanna is currently on probation.

54. Ms. Biggs is no longer in custody and has completed her term of probation.

55. Though a protective order is in place, Ms. Biggs continues to reside in Sedgwick county and she fears former Sheriff Hanna will sexually assault her again or seek retribution against her.

56. Since her sexual assault, Ms. Biggs has suffered from embarrassment, humiliation, insomnia, night terrors, and anxiety. She now fears intimacy. She constantly lives in fear that she will be sexually assaulted again.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
### 42 U.S.C. § 1983 –Excessive Force Under Eighth Amendment

57. Former Sheriff Hanna engaged in a deliberate and outrageous invasion of Ms. Bigg's bodily integrity that shocks the conscience in violation of her rights under the Fourth, Eighth and Fourteenth Amendments to the United States Constitution, and 42 U.S.C. § 1983.

58. Defendant Hanna misused and abused the official power granted to him by the state in the performance of his official duties thereby causing the harm to Ms. Biggs.

59. Defendant Hanna engaged in conduct with malice and reckless or callous indifference to

the constitutional and statutory rights of Ms. Biggs.

## SECOND CLAIM FOR RELIEF
### 42 U.S.C. § 1983 –Outrageous Conduct/Intentional Infliction of Emotional Distress/ Cruel and Unusual Punishment under the Eighth Amendment

60      Defendant Hanna, acting within the scope of his employment, recklessly and with the intention of causing Ms. Biggs severe emotional distress, engaged in extreme and outrageous conduct by sexually assaulting Ms. Biggs, and by promoting a threatening and unduly hostile and antagonistic environment in violation of her rights under the Eighth and Fourteenth Amendments to the United States Constitution, and 42 U.S.C. § 1983.

61.     As a direct and proximate result of Defendant Hanna's acts, which were so outrageous in character and extreme in degree as to be utterly intolerable in a civilized community, Ms. Biggs suffered severe emotional distress and was injured and damaged as a result.

62.     Defendant Hanna engaged in conduct with malice and reckless or callous indifference to the rights of Ms. Biggs.

## THIRD CLAIM FOR RELIEF
### 42 U.S.C. § 1983 –False Imprisonment under the Fourth and Fourteenth Amendment

63.     Though Ms. Biggs was an inmate, in the custody of the Sedgwick Sheriff's Department, she was abducted and taken against her will, and in violation of department policy, to Defendant Hanna's personal residence.  While inside the residence, Defendant Hanna kept his gun visible at all times.  He threatened Ms. Biggs and ordered that she completely undress. He then sexually molested her without consent. The sexual assault was forceful, unwanted, and unlawful.

64.     At the time of the imprisonment, Ms. Biggs knew her freedom of movement had been

restricted. She was not free to leave Defendant Hanna's car or residence for fear of further physical assault or additional criminal charges being levied against her.

65. Ms. Biggs was falsely imprisoned in violation of her rights under the Fourth and Fourteenth Amendments to the United States Constitution, and 42 U.S.C. § 1983.

66. As a direct and proximate result of Defendant Hanna's actions, Ms. Biggs suffered injury and damages, including severe mental and emotional distress.

67. Defendant Hanna engaged in conduct with malice and reckless or callous indifference to the rights of Ms. Biggs.

### FOURTH CLAIM FOR RELIEF
### 42 U.S.C. § 1983 –Sexual Assault and Battery

68. Defendant Hanna, acting within the scope of his agency, assaulted and battered Ms. Biggs by threatening her and digitally penetrating her genitals without her consent. Defendant Hanna intentionally and unlawfully caused Ms. Biggs to fear offensive and harmful contact, and intentionally and unlawfully caused such offensive and harmful contact to occur.

69. As a direct and proximate result of Defendant Hanna's actions, Ms. Biggs suffered injury and damages, including severe mental and emotional distress.

70. Defendant Hanna engaged in conduct with malice and reckless and callous indifference to the rights of Ms. Biggs.

### FIFTH CLAIM FOR RELIEF
### 42 U.S.C. § 1983 –Equal Protection

71. Defendant Hanna prayed on Ms. Biggs because she was a mentally disabled female. Defendant Hanna intentionally treated Ms. Biggs differently than other similarly situated inmates

on account of her sex and mental disability, and motivated by animus against her sex and mental disability, deprived her of the equal protection of the laws, in violation of her rights, under the Fourteenth Amendment of the United States Constitution and 42 U.S.C § 1983.

72. Sedgwick County Sheriff's Office had a policy to take appropriate steps to ensure that inmates with disabilities, including intellectual disabilities, have an equal opportunity to benefit from all aspects of the department's efforts to prevent, detect, and respond to sexual abuse and sexual harassment.

73. Defendant Hanna knew Ms. Biggs suffered from a mental disability. He targeted Ms. Biggs for sexual assault based on her status as a mentally disabled female. He abused his authority under the color of law to threaten her into submission and threaten her to remain silent. Ms. Biggs was not provided equal protection under the laws.

74. As a direct and proximate result of Defendant Hanna's actions, Ms. Biggs suffered injury and damages, including severe mental and emotional distress.

75. Defendant Hanna engaged in conduct with malice and reckless and callous indifference to the rights of Ms. Biggs to equal protection under the law.

### SIXTH CLAIM FOR RELIEF
### 42 U.S.C. § 1983 –Fourteenth Amendment Substantive Due Process

76. By sexually assaulting Ms. Biggs, Defendant Hanna recklessly, with conscious disregard to the serious and obvious risk to her safety, and with deliberate indifference, violated Ms. Bigg's protected rights, including right to bodily integrity

77. By taking Ms. Biggs into his own custody, and thereby assuming control over her and

depriving her of her liberty to care for herself, Defendant Hanna created a special relationship with Ms. Biggs that required him to assume an affirmative duty of care and protection for Ms. Biggs.

78. Defendant Hanna failed to protect Ms. Biggs from sexual assault, and created the very danger and hostile environment that resulted in Ms. Bigg's sexual assault.

79. Defendant Hanna was aware of the substantial risk of harm to Ms. Biggs.

80. Defendant Hanna, as the senior most law enforcement official in Sedgwick County decided to deliberately ignore the county's zero tolerance sexual assault policies.

81. Defendant Hanna placed Ms. Biggs at substantial risk of serious, immediate, and proximate harm.

82. Defendant Hanna caused Ms. Biggs serious and immediate harm.

83. Defendant Hanna's conduct was grossly reckless and shocks the conscience.

84. Defendant Hanna's conduct and decisions as Sedgwick County's senior most law enforcement office, was the legal and proximate cause of Ms. Bigg's damages in that she suffered physical intrusion into bodily privacy and integrity, humiliation, and mental and emotional pain and anguish.

85. Defendant Hanna's decisions, in both his individual and official capacity, violated Ms. Bigg's substantive due process rights under the Fourteenth Amendment.

## SEVENTH CLAIM FOR RELIEF
### 42 U.S.C. § 1983 –Right to Privacy

86. Defendant Hanna abused his authority under the color of law ordering Ms. Biggs to undress in his house and for his own personal and sexual amusement.

87. This violation of privacy caused Ms. Biggs embarrassment, humiliation, and shame.

88. There was no legitimate policy or goal to justify Defendant Hanna's invasion of Ms. Bigg's privacy.

89. The conduct was grossly reckless, malicious, and with callous indifference to Ms. Bigg's right to privacy.

90. Defendant Hanna's abuse of his authority under the color of law was the legal and proximate cause of Ms. Bigg's damages in that she suffered a violation of her right to privacy, humiliation, and mental and emotional pain and anguish.

### EIGHTH CLAIM FOR RELIEF
### 42 U.S.C. § 1983 –Municipal Liability

91. Ms. Biggs was deprived her Fourth, Eighth, and Fourteenth Amendment rights. Defendant Hanna engaged in conduct with malice and reckless and callous indifference to the rights of Ms. Biggs to equal protection under the law.

92. Sedgwick County's "zero tolerance" policies against sexual assault of inmates by employees was not followed.

93. Sedgwick County's policies ensuring the equal protection of the laws for those suffering from disabilities, including intellectual disabilities, was not followed.

94. Sedgwick County's policies prohibiting the transport of inmates in officer's personal vehicles, and to their residences, was not followed.

95. These policies were not followed by the most senior Sedgwick County law enforcement official.

96. Defendant Hanna, as the senior most official, acted in defiance of a lawful municipal policy or custom.

97. By deciding to blatantly defying lawful municipal policy or custom, Defendant Hanna falsely imprisoned Ms. Biggs, sexually assaulted her, caused her severe emotional distress, caused her cruel and inhumane treatment, all in violation of her equal protection of rights.

98. Sedgwick county is liable for the constitutional injuries resulting from Defendant Hanna's conduct with malice and reckless and callous indifference to the rights of Ms. Biggs to equal protection under the law.

99  Sedgwick County's policy was the moving force behind Ms. Bigg's constitutional injury.

100. As a direct and proximate result of Defendant Hanna's actions, Ms. Biggs suffered injury and damages, including severe mental and emotional distress.

## **PRAYER FOR RELIEF**

101. Plaintiff Peatinna Biggs ask that this Court enter judgment for her and against each of the Defendants and grant and award:

A. Compensatory and consequential damages, including damages for emotional distress, loss of enjoyment of life, and other suffering on all claims allowed by law in an amount to be determined at trial;

B. Economic losses on all claims allowed by law;

C. Attorneys' fees and the costs associated with this action on all claims allowed by law;

D. Pre- and post-judgment interest at the lawful rate;

E. Declaratory and injunctive relief appropriate to the constitutional violations in this case, and;

F.      Any other appropriate relief at law and equity that this court deems just and proper.

## REQUEST FOR TRIAL BY JURY

Ms. Biggs hereby requests a trial by jury.

Date: August 15, 2018

                                      /s/Kaitlin F. Nares Esq.
                                      **Fisher & Byrialsen, PLLC**
                                      4600 S. Syracuse Street, 9th Floor
                                      Denver, CO 80237
                                      T: 303-256-6345
                                      Kaitlin@FBLaw.org