# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 1:18-cv-002076-WYD-SKC

PEATINNA BIGGS,

    Plaintiff,

v.

THE COUNTY OF SEDGWICK,
FORMER SHERIFF THOMAS HANNA,

    Defendants.

## MOTION TO DISMISS

Defendants, **THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF SEDGWICK** (incorrectly designated above as The County of Sedgwick), by their attorneys, **SENTER GOLDFARB & RICE, LLC**, and pursuant to Fed.R.Civ.P. 12(b)(1) and (6), hereby move the Court for an order dismissing Plaintiff's Complaint [ECF. No. 1], and in support thereof, state as follows:

### CERTIFICATE OF COMPLIANCE

1. Pursuant to D.C.COLO.LCivR 7.1(b)(2), undersigned counsel were not required to confer with opposing counsel prior to filing this Motion.

### I.   FACTS AS PLED IN THE COMPLAINT

2. On August 10, 2016, Plaintiff, who considers herself to be mentally disabled, was an inmate at the Sedgwick County Jail, located in Julesburg, Colorado. [*See* Complaint, ¶¶ 8 and 9.]

3. At that time, The Sedgwick County Jail was run by the then Sheriff of Sedgwick County, Thomas Hanna ("Hanna"). [*Id.*, ¶ 10.]

4. That day, Hanna informed his staff that he would be personally transporting Plaintiff to the Logan County Jail using his personal vehicle. [*Id.*, ¶¶ 12 and 13.]

5. At approximately 12:15 p.m. that afternoon, Hanna transported Plaintiff to his home and molested her. [*Id.*, ¶¶ 17, 20, 22, 32.]

6. At approximately 12:51 p.m., Hanna transported Plaintiff to the Logan County Jail, thereby relieving himself of custody over Plaintiff later that day. [*Id.*, ¶¶ 42 and 43.]

7. The extent of Hanna's actions as they relate to Plaintiff were in clear violation of "Sedgwick County Sheriff's Office Department policy," to include its prohibition on the use of personal vehicles to transport inmates, the act of transporting an inmate to an officer's home, as well as the act of an officer engaging in sexual contact with an inmate. [*See Id.*, ¶¶ 14, 21, 45.]

8. Approximately 14 days following the August 10, 2016 incident, Hanna was arrested. [*Id.*, ¶ 49.] Hanna was later convicted for his willful violation of the "department's policies" and was removed from office as sheriff. [*Id.*, ¶¶ 51 and 52.]

9. As a result of the incident, Plaintiff filed this suit against the Board of County Commissioners of the County of Sedgwick (the "Board"), alleging violations of her Fourth, Eighth, and Fourteenth Amendment rights pursuant to 42 U.S.C. § 1983. [*See Id.*, ¶¶ 91-99.]

10. This action was not commenced until August 15, 2018 [*Id.*, p. 15, see filing date inscription], more than two years after Plaintiff's civil rights were allegedly violated on August 10, 2016.

## II.  STANDARD OF REVIEW

11. In order for a complaint to survive a motion to dismiss for failure to state a claim under Fed.R.Civ.P. 12(b)(6), it "must contain enough allegations of fact 'to state a claim for relief that is plausible on its face.'" *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face when its allegations, taken as true, allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court, however, need not accept conclusory allegations without supporting factual averments. *See Ruiz v. McDonell*, 299 F.3d 1173, 1181 (10th Cir. 2002). Moreover, "If the allegations ... show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim..." *Barnes v. United States*, 776 F.3d 1134, 1139 (10th Cir. 2015) (quoting *Jones v. Bock*, 549 U.S. 199, 215 (2007)) (internal quotations omitted).

## III.  ARGUMENT

### A.  THE BOARD IS NOT LIABLE FOR HANNA'S ACTIONS.

12. Plaintiff's assertions that "Sedgwick County policy was the moving force behind [Plaintiff's] constitutional injury" [Complaint, ¶ 99], and that the Board "is the proper local governmental entity to be sued" [*Id*., ¶ 7], are conclusory and should therefore not be accepted. *See Ruiz*, 299 F.3d at 1181.

#### *1.  The Board's policies were not the moving force behind the alleged violation, thus defeating municipal liability.*

13. County governments may be held liable for civil rights violations under Section 1983 only if such violations result from the "execution of [that] government's policy or custom." *Monell v. Dep't. of Social Serv. of City of New York*, 436 U.S. 658, 694, (1978). To establish

3

municipal liability, a plaintiff must show: (1) the *existence* of a municipal policy or custom; and (2) that there is a *direct causal link* between the policy or custom and the injury alleged. *See Hinton v. City of Elwood, Kan.*, 997 F.2d 774, 782 (10th Cir. 1993) (citing *Canton v. Harris*, 489 U.S. 378, 385 (1989)) (emphasis added). Meeting this standard requires a showing that "the municipality was the *moving force* behind the injury alleged." *Schneider v. City of Grand Junction Police Dep't*, 717 F.3d 760, 770 (10th Cir. 2013) (internal quotations omitted) (emphasis added).

14.     As a preliminary matter, the Complaint lists several "department policies" and expressly attributes these policies to the Sedgwick County Sheriff's Office. [Complaint, ¶¶ 14, 21, 45, 63, 72.] Nowhere in the Complaint, however, does Plaintiff specifically describe how the Board is in any way responsible for the creation or enforcement of these policies. Instead, the Complaint merely alleges that the Sheriff's Office "is an agency of Sedgwick County." [*Id.*, ¶ 45.] As analyzed below, however, the Board and the Sheriff's Office are entirely separate entities and such policies are therefore not attributable to the Board. Because Plaintiff has failed to demonstrate even the existence of a single Board policy, she has failed to satisfy the first element of her municipal liability claim and this claim should be dismissed accordingly. *See Hinton*, 997 F.2d at 782 (internal citations omitted).

15.     Even assuming, *arguendo*, that these policies could fairly be attributed to the Board, Plaintiff also fails to establish a direct causal link between these policies and the alleged violations. The policies in question, as described by Plaintiff, include a "zero tolerance" approach to sex assault on inmates, a policy on equal protection for those with mental disabilities, and a policy "prohibiting transport of inmates in officers' personal vehicles, and to their residences." [*See* Complaint, ¶¶ 92-94.] The Complaint, however, goes on to expressly state that each of these

4

policies were "not followed" by Hanna on the day of the incident. [*Id.*] Thus, Hanna's actions could not have been motivated by these policies given Plaintiff's own acknowledgement that he was in clear breach of such policies throughout the course of the incident. *See Henderson v. City & Cty. of Denver*, 12-CV-0625-WJM-BNB, 2014 WL 222761, at *7 (D. Colo. Jan. 21, 2014) (dismissing municipal liability claim for failure to establish a "causal link" where defendants showed that violative acts were in breach of official policy). Because Plaintiff has failed to demonstrate a direct causal link between the enumerated policies and Hanna's actions, she cannot now claim that such policies were the moving force behind the alleged violations. As such, Plaintiff's municipal liability claim should be dismissed.

### 2. *Claims against a sheriff are generally not cognizable against a county board.* [1]

16. Under *McMillian v. Monroe County, Ala*, courts must first look to the relevant state's laws when determining which governmental entity would have control over and thus be liable for the actions of a local sheriff. *See* 520 U.S. 781, 784-91 (1997) (Applying Alabama law and determining that county sheriff was actually a state official, thereby relieving the county board of liability for his actions). In Colorado, it has been firmly held that a sheriff and his deputies are entirely separate from a county's governing board. *See Tunget v. Bd. of Cty. Comm'rs of Delta Cty.*, 992 P.2d 650, 651-52 (Colo.App. 1999) (affirming dismissal of claims against a county board and stating "[u]nder both the Colorado Constitution and applicable statutes, sheriffs and boards of

---

[1] Although courts have held that counties could theoretically be liable for a sheriff's actions in specific instances, such liability is only cognizable where it is determined that the sheriff "is held to set the official policy of *the county*." *Sanchez v. Hartley*, 65 F. Supp. 3d 1111, 1127 (D. Colo. 2014), aff'd in part, appeal dismissed in part, 810 F.3d 750 (10th Cir. 2016) (emphasis added). Nowhere in the Complaint, however, does Plaintiff allege that Hanna in any way set the policies of the Board. Accordingly, liability cannot be extended to the Board under this theory.

5

county commissioners are treated as separate public entities having different powers and responsibilities") (citing Colo. Const. art XIV, §§ 8 and 8.5); *see also Barrientos-Sanabria v. Lake Cty.*, *Colo.*, 11-CV-00838-KLM, 2012 WL 1642285, at *2 (D. Colo. May 10, 2012) (dismissing claims against a county board stating that although "the [county] has the duty and authority to provide funds for operations by the Sheriff's Office[,] pursuant to the Colorado constitution, the [county] is a separate, distinct entity from the County Sheriff").

17. Under Colorado law, this distinction is even more evident in the area of supervision over county jails and jail inmates. *See Archuleta v. Adams Cty. Bd. of Cty. Comm'rs*, 07-CV-02515-MSK-CBS, 2011 WL 3799029, at *10 (D. Colo. June 14, 2011) ("The sheriff shall have charge and custody of the jails of the county, and of the prisoners in the jails, and shall supervise them himself or herself or through a deputy or jailer") (quoting COLO.REV.STAT. § 30–10–511); *see also Estate of Began v. Lake Cty., Colorado Sheriff's Office*, 07-CV-01786-WDM-CBS, 2008 WL 2690702, at *6 (D. Colo. July 3, 2008) ("A sheriff, then, is often the final policymaker for matters concerning *the operations of a county jail*") (emphasis added).

18. Here, Plaintiff is attempting to hold the Board liable for the unlawful acts of a former sheriff, which he took while exercising custody over a then inmate of the Sedgwick County Jail. [Complaint, ¶¶ 91, 98.] However, because counties and sheriffs are considered separate entities under Colorado law and control over such inmates are uniquely the responsibility of the sheriff and not a county's board, all claims against the Board should be dismissed because they are not cognizable under the circumstances of this case. *See Archuleta*, 2011 WL 3799029, at *10. ("The Board of County Commissioners has certain enumerated powers and operation of the jail is not one of them").

### B.   PLAINTIFF'S CLAIMS ARE TIME-BARRED.

19.   For claims arising under Section 1983, state law governs the applicable statute of limitations period and in Colorado this period is two years. *See Braxton v. Zavaras*, 614 F.3d 1156, 1159-1160 (10th Cir. 2010). "While state law governs limitations and tolling issues, federal law determines the accrual of § 1983 claims." *Fratus v. DeLand*, 49 F.3d 673, 675 (10th Cir. 1995). "A civil rights action accrues when facts that would support a cause of action are or should be apparent." *Id.* (internal citations and quotations omitted); *see also Johnson v. Johnson Cty. Comm'n Bd.*, 925 F.2d 1299, 1301 (10th Cir. 1991) ("Section 1983 claims accrue, for the purpose of the statute of limitations, when the [injured party] knows or has reason to know of the injury which is the basis [for the] action") (internal citations omitted).

20.   Colorado law permits the tolling of a limitations period for individuals with disabilities, however, statutory tolling is only applicable to such individuals who remain unrepresented. *See Whitington v. Sokol*, 491 F. Supp. 2d 1012, 1014 (D. Colo. 2007) ("The [court] correctly finds that C.R.S. § 13–81–103 provides for the tolling of any limitations period for the commencement of an action by any person suffering from a disability and provides that *unrepresented* persons with a disability may bring an action up to two years after the disability terminates") (emphasis added). However, "[u]nder Colorado law, plaintiffs bear the burden of demonstrating that the statute of limitations should be tolled." *Braxton*, 614 F.3d at 1159.

21.   All of the acts which Plaintiff now claims resulted in a violation of her civil rights were committed by Hanna during an incident which occurred on August 10, 2016, between 12:15 and 12:51 p.m. [*See* Complaint, ¶¶ 8, 11, 17, 42, 43, 91.] The Complaint goes on to indicate that immediately following this incident, at 12:51 p.m., Plaintiff was transported to the Logan County

7

Jail, where she was then transferred into the custody of those officials. [*See* Complaint, ¶¶ 42-43.] Because the facts which would have supported Plaintiff's claims were, or at the very least should have been, apparent immediately following the August 10, 2016 incident, Plaintiff's cause of action would have accrued at that time as well. *See Fratus*, 49 F.3d at 675.

22. Even assuming Plaintiff qualifies as a mentally disabled individual[2] for purposes of Colorado's tolling statute, Plaintiff cannot avail herself of this exemption because she was represented by counsel at the time this litigation was commenced. *See Goldsmith v. Learjet, Inc.*, 90 F.3d 1490, 1496 (10th Cir. 1996) (dismissing plaintiff's claim as time-barred per Colorado's disability tolling statute, stating: "[plaintiff] presented no evidence suggesting that he was not receiving the assistance of a legal representative at the time he brought this litigation"). Because Plaintiff and her counsel did not file the Complaint until August 15, 2018, more than two years after the date on which these claims accrued, her claims are time-barred and should therefore be dismissed.

## IV.  REQUEST FOR RELIEF

**WHEREFORE**, the Board respectfully requests that this Court grant relief as follows:

A. Dismissing Plaintiff's Complaint with prejudice;

B. Entering judgment in favor of the Board and against Plaintiff for attorney fees and costs; and

C. Such further and other relief as the Court deems just and proper.

---

[2] Note that the burden will be on Plaintiff to prove that she qualifies as a "person under disability" for purposes of C.R.S. § 13-81-103. *See Braxton*, 614 F.3d at 1159.

8

Respectfully submitted,


*s/ Thomas S. Rice*
**Thomas S. Rice**
Senter Goldfarb & Rice, LLC
3900 E. Mexico Ave., Suite 700
Denver, CO  80210
Telephone:  (303) 320-0509
Facsimile:   (303) 320-0210
trice@sgrllc.com


*s/ Jonathan N. Eddy*
**Jonathan N. Eddy**
Senter Goldfarb & Rice, LLC
3900 E. Mexico Ave., Suite 700
Denver, CO  80210
Telephone:  (303) 320-0509
Facsimile:   (303) 320-0210
jeddy@sgrllc.com
*Attorneys for Defendant Board of County Commissioners of the County of Sedgwick*

9

## CERTIFICATE OF SERVICE

      **I HEREBY CERTIFY** that on this 4th day of October, 2018, I electronically filed a true and correct copy of the above and foregoing **MOTION TO DISMISS** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following address:

Jane Fisher-Byrialsen
David N. Fisher
Kaitlin F. Nares
Fisher & Byrialsen, PLLC
4600 South Syracuse Street, 9th Floor
Denver, Colorado 80237
E-Mail: jane@fblaw.org
E-Mail: david@fblaw.org
E-Mail: kaitlin@fblaw.org
*Attorneys for Plaintiff*

                                              *s/ McKenna Reich*
                                              McKenna Reich, Legal Secretary